THE STATE OF MISSOURI, at the Information of J. PATRICK WHEELER, Prosecuting Attorney of Lewis County, Missouri, at the Relation of JOHN BERHORST, FRANK H. GAUS, HOMER E. GAUS, ASBERRY BOYER, GEORGE ELLISON, ROY O. CRIST, CHARLES SHUMATE, JOHN HATE, W. J. STEPHENS, W. B. POWELL, J. C. WISEMAN, RAY BOWMAN, W. A. NOFSINGER, HERBERT BARR, A. C. EISENBERG, NOAH STAHL, SUMNER HENRY, GEORGE WIDDOWS, GEORGE RICHTER and J. O. REID, Appellants, v. REORGANIZED SCHOOL DISTRICT R-VI in LEWIS COUNTY, MISSOURI, ROBERT S. MAIERS, THOMAS BROWN, JAMES NUNN, ROY MCDOWELL, W. L. BREUER, and THEODORE STURHAN, Board of Education of REORGANIZED SCHOOL DISTRICT R-VI in LEWIS COUNTY, MISSOURI, KENNETH S. PLANT, Collector of Lewis County, Missouri, and BLEIGH CONSTRUCTION COMPANY, a Missouri Corporation, Respondents, No. 44689—284 S.W. (2d) 535.

Court en Banc, November 14, 1955.

Rehearing Denied, December 12, 1955.

546

J. Andy Zenge, Jr., J. Patrick Wheeler and Rendlen & Rendlen for appellants.

*Boyle G. Clark* and *Raymond C. Lewis, Jr.,* for respondents; *Clark & Becker* of counsel.

[536] STORCKMAN, J.—This is an action seeking to declare a school tax levy void and to enjoin its collection. Defendants' motions to dismiss plaintiffs' petition were sustained and plaintiffs have appealed. This case was consolidated for argument on appeal with the case of Alfred Rathjen, et al., v. Reorganized School District R-II et al., No. 44,787, 365 Mo. 518, 284 S.W. 2d 516.

The relators are residents and taxpayers of the defendant school district. Their petition alleges that at the annual school election held on April 6, 1954, a proposition was submitted to authorize the levy of a tax rate of one dollar on the hundred dollars assessed valuation for the construction of new and additional classrooms in the school district; that more than a majority but less than two-thirds of the ballots and votes cast were in favor of levying the tax proposed; that "under the provisions of Article X, Section 11, of the Constitution of Missouri, 1945, as amended and the provisions of the Revised Statutes of Missouri, applicable thereto, the levy of One Dollar ($1.00) on the One Hundred Dollars ($100.00) valuation for building purposes could not be made by the defendant school district and board of education unless and until such levy had been voted by two thirds (2/3rds) majority of the qualified resident, taxpaying voters in said school district voting in said election"; that defendant members of the Board of Education declared and certified that proposed tax rate was approved and adopted and that said tax rate has been extended and

would be collected and disbursed for the construction of new and additional classrooms unless it be declared void and its collection be enjoined.

Defendants' motions to dismiss alleging that the petition failed to state a claim upon which relief could be granted were sustained, and after an unavailing motion to set aside the court's order of dismissal this appeal was taken.

The legal question involved is the same as presented in the case of Alfred Rathjen, et al., v. Reorganized School District R-II of Shelby County, Missouri, et al., No. 44,787, 365 Mo. 518, 284 S. W. 2d 516, and for the reasons given in the opinion this day filed in that case the judgment herein should be affirmed and it is so ordered. *Leedy, C. J., Hollingsworth* and *Hyde, JJ.,* concur; *Eager, J.,* dissents in separate opinion; *Westhues, J.,* and *Ruark,* Special Judge, dissent, and concur in separate dissenting opinion of *Eager, J.*

[537] EAGER, J. (dissenting).—Pursuant to stipulation this case was consolidated on appeal with the case of Albert Rathjen, et al., Respondents vs. Reorganized School District R-II of Shelby County, Missouri, et al., Appellants, No. 44,787, 365 Mo. 518, 284 S. W. 2d 516, which is an appeal from the Circuit Court of Shelby County. The opinions have now been filed in the latter case, after a rehearing, and, since the cases involve the same question, no opinion on the merits need be written in the present case. Appellants will be referred to herein as plaintiff-relators and respondents will be referred to as defendants.

The suit is one seeking, by injunction, to declare a certain school levy increase to be void. The trial court sustained motions to dismiss the petition. The facts, as pleaded in the petition, are as follows: The plaintiff-relators (three of whom later withdrew, by leave) are residents and taxpayers of the defendant school district; on April 6, 1954, pursuant to notice, the annual school election was held in the defendant school district, at which election two propositions were submitted to the qualified voters as follows: (1) A levy increase of eighty-five cents on the hundred dollar valuation for "school purposes," in addition to the one dollar which might be levied by the Board without voter approval; and (2) a levy of one dollar on the hundred dollar valuation "for Building Purposes (Building Fund for building classrooms). This levy for one year"; that on proposition (2) above, namely, the Building Fund levy, there were 406 affirmative votes and 363 negative votes, constituting a majority of less than two-thirds; that in fact the building fund levy was sought for the purpose of building new classrooms; that the defendant School District and the defendant members of the Board of Education thereupon certified that the building fund levy had been approved, and adopted and caused a levy to be made accordingly upon all real and personal property in the district; that the defendant County Collector extended said levy upon the tax books of the county and was "about to" collect the tax; that the

Board of Education had entered into a contract with the defendant construction company which defendant was "about to" begin the construction of new classrooms. The petition further alleged that the aforesaid building fund levy, and all subsequent acts pursuant thereto, was void and of no effect because it had not received the approval of two-thirds of the qualified voters voting in the election in question, as required by Article X, § 11 of the Constitution of Missouri, 1945, as amended, and by the Revised Statutes of Missouri. Plaintiff-relators asked permanent injunctions against all defendants prohibiting them, individually and collectively, from taking any action to enforce the said one dollar building fund levy and from collecting or attempting to collect the tax. They also sought a declaration that the levy and tax were void and unenforceable. All defendants except the County Collector filed motions to dismiss, in substance alleging that the petition failed to state a claim upon which relief could be granted because, as a matter of law, only a "simple majority" of the qualified voters was required for the approval of this levy under the Constitution and Statutes of Missouri. The Circuit Court sustained the motions to dismiss, and after an unavailing motion to set aside this order and reinstate the petition, plaintiff-relators appealed.

The legal questions involved herein have been fully considered by this Court in the majority and dissenting opinions now filed in the case of Alfred Rathjen, et al., Respondents vs. Reorganized School District R-II of Shelby County, Missouri, et al., Appellants, No. 44,787, 365 Mo. 518, 284 S. W. 2d 516. For the reasons stated in the dissenting opinion therein the writer feels that the order of the Circuit Court in the present case should be reversed and the cause remanded for further proceedings. *Westhues, J.*, and *Ruark, Special Judge*, concur in the foregoing dissenting opinion.